48 F.3d 1231
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sultan AKBARI, Plaintiff-Appellant, Cross-Appellee
v.
CITY OF IDAHO SPRINGS; William Mehrer; Joseph Marden;
Mary Sena; Robert Bowland; William Macy; Roy
Finch; Robert Schaudt,
Defendants-Appellees, Cross-Appellants.
 Nos. 93-1209 & 93-1210
(D.C. No. 88-M-383)
 United States Court of Appeals,
Tenth Circuit.
 March 7, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before EBEL and SETH, Circuit Judges and MECHEM, Senior District Judge[2]
 
 
 2
 Plaintiff-Appellant Sultan Akbari ("Akbari") sued the Defendants-Appellees, the City of Idaho Springs ("the City"), et. al., ("Appellees"), claiming that they violated his federal civil rights and Colorado statutory law when they engaged in a concerted effort to drive him out of town and destroy his business by discriminating against him on the basis of his skin color and his national origin. Akbari brought claims under 42 U.S.C.1981, 1983, 1985, and 1986 and under Colorado law for negligent breach of duty in exercising statutory responsibilities, intentional interference with Akbari's business and business opportunities, and outrageous conduct. The district court granted Appellees' summary judgment motion on all issues, except Appellees' request for attorney's fees, and Akbari now appeals. Appellees cross-appeal the district court's denial of their request for attorney's fees under Fed.R.Civ.P. 11, 42 U.S.C.1988, and Colo.Rev.Stat. 13-17-101 et seq.
 
 
 3
 We affirm the district court's judgment on all issues, except its denial of Appellees' request for attorney's fees. We conclude that Akbari failed to present sufficient evidence of a conspiracy among any of the Appellees to withstand a summary judgment motion. We further hold that Akbari failed to show that any of the discrete incidents he identified involved violations of federal law. With respect to the state claims, Akbari failed to overcome Colorado's governmental immunity statute both as to the City of Idaho Springs and as to the individual public employees. We, therefore, also affirm the dismissal of the state law claims. However, we vacate the district court's denial of Appellees' claim for attorney's fees because the court did not adequately address the issue in its decision, and we remand for further consideration.
 
 BACKGROUND
 
 4
 Although the parties present different versions of relevant events, we adopt Akbari's characterization of the facts for purposes of this appeal, because he is the nonmoving party opposing summary judgment. Akbari is a naturalized U.S. citizen, formerly of Afghanistan. He and his family moved to Idaho Springs, Colorado in 1975 and purchased the Mines Theatre in 1976. The Mines Theatre had traditionally contained a bar in the upstairs portion, and Akbari applied for but was denied a liquor license for the establishment in 1976. In 1977 the license was granted, however, the license was again denied one year later. Akbari sold the building in 1979 and repurchased it in 1982, when his liquor license application was again rejected based on his then alien status. Akbari sued in federal district court, eventually settling with the City and receiving a license in 1986.
 
 
 5
 However, from 1986 through 1988, Akbari received a series of liquor citations and sanctions from the Idaho Springs Liquor Licensing Authority ("Licensing Authority"). In June 1986, Akbari was cited for serving alcohol after hours when Police Officer Robert Schaudt entered his business after the saloon was closed and locked and discovered Akbari and some friends drinking. Akbari's license was suspended for three days for the violation of serving alcohol after hours. At the time, Akbari accepted the suspension. However, Akbari asserts that other liquor license holders' suspensions for first violations are put in abeyance and are for shorter time periods. In 1987, Akbari was cited for serving an intoxicated person. Akbari denied the charge, but accepted a three-day suspension purportedly on the condition that the City not use this violation in assessing penalties for subsequent violations.
 
 
 6
 In March 1988, Akbari filed this lawsuit, but his problems with the Licensing Authority continued. In April 1988, Akbari's license was suspended for 45 days. Akbari asserts that this was due to actions of a criminal suspect who was in the bar with undercover police officers. He also maintains that no establishment in the City had ever had its liquor license suspended for more than 15 days.[3] In December 1988, Akbari was cited three more times: each time for serving an intoxicated person. Akbari's suspensions were for 20, 45, and 20 days.[4] Then in February 1989, Akbari was again denied a liquor license.
 
 
 7
 Akbari asserts that he was sanctioned more harshly than other liquor license holders who had more numerous and more serious liquor violations. Akbari submitted records of liquor violations committed by other establishments to support his claim that his saloon was treated discriminatorily. Appellant's Appendix at 174-82. Akbari also asserts that his bar was subject to more frequent police checks. In response, Appellees submitted a chart indicating the number of times each liquor license holder's establishment was visited by the police conducting "bar checks" which shows that Akbari's business was not visited more frequently than any other establishment in Idaho Springs.
 
 
 8
 Besides challenging the frequency and severity of sanctions and police checks, Akbari cites other evidence of allegedly discriminatory police conduct. In particular, Akbari maintains that his ex-wife was wrongly arrested, that Officer Schaudt provoked Akbari into making an obscene remark when he entered Akbari's bar after hours and used the remark to file charges against Akbari, and that customers were hassled. Akbari also highlights one incident where the police purportedly entered Akbari's premises forcefully based on an unsubstantiated report of fighting between Akbari and his now ex-wife. While Akbari's brief states that police forcefully entered his establishment/home, neither Akbari's nor his ex-wife's descriptions of the event in their respective sworn affidavits state that the police entered the establishment/home. Appellant's Appendix at 129-30, 185-86.
 
 
 9
 Nevertheless, Akbari maintains that he was discriminated against, and in support of these assertions, Akbari submitted his own affidavit, affidavits from his ex-wife, four employees, a former customer, and police reports from some of the incidents involving his saloon. Appellant Appendix at 126-30; 149-52; 160-62; 170-73; 185-89; 222-41. Appellees deny that there was a conspiracy to run Akbari out of town or to destroy his business, and present their own explanation and version of events for each incident. See Appellant's Appendix at 91-100; 103-04; 140-41; 143-44; 154-59; 165-69. Factual disputes exist as to what occurred during each incident. However, the question before us is whether, even given Akbari's version of the events, Appellees violated clearly established law such that a reasonable official would have understood that he or she was violating Akbari's rights or whether the City can be held liable for the actions of its officials.
 
 DISCUSSION
 I. Federal Claims
 
 10
 We review the district court's grant of summary judgment de novo, using the same standard applied by the district court. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Applied Genetics, 912 F.2d at 1241.
 
 
 11
 "While the party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact, the moving party need not negate the nonmovant's claim, but need only point out to the district court that there is an absence of evidence to support the nonmoving party's case.' " Universal Money Ctrs., Inc. v. American Tel. and Tel. Co., 22 F.3d 1527, 1529 (10th Cir.1994) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). Once the moving party carries this burden, the nonmovant "may not rest upon mere allegation or denials of his pleading but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." Id. at 248.
 
 
 12
 To overcome Appellees' summary judgment motion based on qualified immunity as to the individual defendants, Akbari bears the burden of proving "both that the defendant's alleged conduct violated the law and that that law was clearly established when the alleged violation occurred." Pueblo Neighborhood Health Ctrs. v. Losavio, 847 F.2d 642, 646 (10th Cir.1988); see also Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982). "In meeting its burden ... a plaintiff must do more than identify in the abstract a clearly established right and allege that the defendant has violated it. The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.' " Pueblo, 847 F.2d at 645 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). The City is liable for the actions of its officials only if those officials were acting as "final policymakers" or pursuant to a "custom or practice" of the City. City of St. Louis v. Praprotnik, 485 U.S. 112, 123-27 (1988).
 
 
 13
 The district court found that Appellees met their initial burden of showing an absence of issues of material fact. Thus, the burden shifted to Akbari to provide sufficient evidence to create genuine factual issues for trial. The district court found that Akbari failed to submit sufficient evidence such that a reasonable jury could find that the City Council members, acting as the Liquor Authority, intentionally discriminated against Akbari because of his national origin or color. The court further found that the evidence was insufficient for a reasonable jury to find that Akbari's wife was wrongly arrested, that Officer Schaudt provoked Akbari into making an obscene remark, that any other instances of alleged improper police conduct were engaged in, that customers were hassled, or that Akbari's business was subjected to greater scrutiny than other businesses in Idaho Springs. The district court also found that each alleged incident represented an event within the scope of authority of the defendants and that none of the incidents involved an abuse of discretion. Thus, the district court rejected Akbari's claims. We agree.
 
 
 14
 Akbari has failed to offer any concrete evidence of discrimination to support his civil rights claims. First, Akbari has not shown that he was sanctioned more frequently or more severely than comparable establishments who violated town liquor ordinances. The report he offered cataloguing other violators does not present any violations identical to those he was charged with, represents only a limited period of time, and presents no detail on the history of each violator or the particular circumstances of each violation. Thus, comparison of these other violations with Akbari's is nearly impossible. Moreover, Akbari's citation of newspaper articles and conclusory affidavits--including his bald contentions that his wife was wrongly arrested, that he was provoked into making an obscene remark to police, and that his customers were harassed--provides little more support for his allegations. In contrast, Appellees have shown that the police were legitimately investigating activities at the bar and that both police and the Licensing Authority were acting within the purview of their official responsibilities. It is telling that Akbari has not challenged any of the citations themselves or argued that he was not violating town ordinances.
 
 
 15
 Akbari has similarly not shown that his bar was checked more frequently than others. Unrebutted evidence presented by Appellees in fact shows this not to be the case. Without any evidentiary substantiation, we thus see no factual basis for Akbari's assertions that officials have him on a hit list, that other bars are not sanctioned or checked as frequently, and that the officials are attempting to drive him out of town. Accordingly, we reject Akbari's claims of a discriminatory conspiracy, as well as any claims based on any particular incident. Moreover, because we hold that Akbari has not shown that the individual defendants violated any of his rights, we also hold that he has not established any basis for holding the City liable.
 
 
 16
 Akbari emphasizes one incident in particular where Officer Schaudt and other police officers went to Akbari's premises to respond to a tip that there was a physical dispute between Akbari and his wife. However, summary judgement was appropriate for this incident as well.
 
 
 17
 Akbari alleges that he and his wife had been asleep when the officers arrived and began pounding on his door. When he answered the door, Akbari refused the officers' initial demand to enter and said that his wife was asleep upstairs. Officer Schaudt then allegedly yelled that Akbari's jacket had blood on it, and another officer told Akbari that they would break down the door if he did not open it. Akbari opened the door. The officers then told Akbari that they needed to verify that his wife was not injured because they had a report of an ongoing fight. Akbari went upstairs to get his wife who came down to see the officers. The officers then left. Appellant's Appendix at 129-30. Akbari does not allege, in his version of the events, that any of the officers actually entered his establishment/home.
 
 
 18
 The only case law Akbari cites to suggest that Officer Schaudt's actions violated clearly established law is Hopkins v. City of Sierra Vista, Arizona, 931 F.2d 524 (9th Cir.1991). In that case an officer, acting on an anonymous tip that a women was being beaten, went to the apartment of Mr. and Mrs. Hopkins. Mr. Hopkins had been hosting a card game that had gotten loud. The officer knew that Hopkins had been involved in other domestic disputes in the past. The officer first asked to be allowed in to check on the welfare of the occupants, but when he was refused he put his hand on Hopkins' chest and pushed his way in. The officer looked around for 1 to 12 minutes (depending on whose version is believed) and then left.
 
 
 19
 The question before the court was whether summary judgment in favor of the City was appropriate in a 1983 case. The Ninth Circuit analyzed the case as a warrantless search of a house. The court examined the propriety of the intrusion and concluded that "[w]here there is probable cause to believe someone is being beaten, there clearly are exigent circumstances justifying immediate entry." Id. at 527. The court reasoned that under Illinois v. Gates, 462 U.S. 213 (1983), a corroborated anonymous tip could provide sufficient probable cause under these facts. Nevertheless, the court ruled that summary judgment was inappropriate because there remained a factual dispute as to whether the officer heard sounds consistent with an argument to corroborate the tip. Therefore, the court remanded that factual question for the jury. Id. at 527-28.
 
 
 20
 However, our case is distinguishable from Hopkins. First, there is no allegation that Officer Schaudt, or any of the officers, entered Akbari's bar/home. Second, the tip received by Officer Barnes was not anonymous; in fact, the tip came from the manager of Akbari's bar. Thus, even if an officer threatened to knock down the doors, Hopkins does not control. Akbari has, therefore, pointed to no law--clearly established or otherwise--that the officers violated. It is not clear that officers could not have entered the premises, particularly given that the information that a fight was ongoing came from Akbari's own saloon manager. Here, however, Akbari has not even alleged that police entered his premises. Thus, Akbari has failed to meet his burden to overcome summary judgment. We, therefore, affirm the district court as to all of the Appellees on all of Akbari's federal claims.
 
 II. Claims Under Colorado law
 A. Public Employee Immunity
 
 21
 Akbari alleged a number of violations of Colorado law that stem from the same set of facts discussed above; namely, negligent breach of duty in exercising statutory responsibilities, intentional interference with Akbari's business and business opportunities, and outrageous conduct. Appellees assert that they have governmental immunity under Colo.Rev.Stat. 24-10-101, et. seq. Akbari responds to Appellees' governmental immunity defense with only one page of argument in which he cites no cases, but does concede that he could prevail against the individual government employees only if they engaged in wanton and willful conduct. See Colo.Rev.Stat. 24-10-105 ("no public employee shall be liable for injuries arising out of an act or omission occurring during the performance of his duties and within the scope of his employment, unless such act or omission was willful and wanton, except as provided in this article"); see also 24-10-118(2).
 
 
 22
 The district court held that the individual Appellees enjoyed qualified immunity unless their actions were wanton and willful, and found that Akbari failed to show sufficient evidence of such wanton and wilfulness acts. We agree. As explained above regarding Akbari's federal claims, Akbari has failed to submit evidence that he was discriminated against or targeted, let alone that any tortious treatment was willful and wanton. Therefore, the district court properly held that Appellees are entitled to governmental immunity for the Colorado claims.
 
 B. Public Entity Immunity
 
 23
 The City of Idaho Springs asserted the defense of sovereign immunity. Colo.Rev.Stat. 24-10-108 ("sovereign immunity shall be a bar to any action against a public entity for injury which lies in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by a claimant"). The district court held that the common law claims against the City of Idaho Springs were barred by the Colorado Governmental Immunity Act. We agree. Although Colo.Rev.Stat. 24-10-104 provides that a public entity may waive its sovereign immunity by resolution, Akbari has not pointed to any evidence or authority indicating that the City of Idaho Springs has waived its sovereign immunity with respect to Akbari's state law claims. Thus, we affirm the court's grant of summary judgment in favor of Idaho Springs.
 
 III. Appellees' Request for Attorney's Fees
 
 24
 We review a district court's award or denial of attorney's fees for abuse of discretion. "Thus, the underlying factual findings are reversible only if clearly erroneous." Supre v. Ricketts, 792 F.2d 958, 961 (10th Cir.1986). Appellees requested and were denied attorney's fees in defending this action in district court. The Appellees contend that the suit lacked substantial justification and that Akbari should be sanctioned by the awarding of attorney's fees to Appellees. Of course, Akbari contends that he presented substantial evidence of his claims. Neither side cites a single case for support.
 
 
 25
 Appellees could, subject to the district court's discretion or finding that Akbari's action lacked substantial justification, receive fees under Colorado or federal law. Colorado law provides that the "court may award ... reasonable attorney's fees," Colo.Rev.Stat. 13-17-102(1) (emphasis added), and states that the "court shall assess attorney's fees if ... it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification...." Colo.Rev.Stat. 13-17-102(4) (emphasis added). An exception to the assessment of attorney's fees applies to "claim[s] or defense[s] which the court determines [were] asserted by said attorney or party in a good faith attempt to establish a new theory of law in Colorado." Colo.Rev.Stat. 13-17-102(7). Under federal law, 42 U.S.C.1988 provides that "[i]n any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."
 
 
 26
 Despite Appellees' request for attorney's fees in its summary judgment motion, see Appellant Appendix at 49, the district court did not address the issue of attorney's fees in its Memorandum Opinion and Order granting Appellees summary judgment. The order of judgment, which accompanied the district court's decision on the merits, states that each party is to bear its own costs; however, this is neither an exercise of the district court's discretion nor a finding that Akbari's claims were substantially justified. Therefore, we remand for a determination of whether Appellees are entitled to attorney's fees.
 
 CONCLUSION
 
 27
 We REMAND for a determination of Appellee's fee request; otherwise, we AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable E. L. Mechem, Senior District Judge, United States District Court for the District of New Mexico, sitting by designation
 
 
 [3]
 Akbari appealed his suspension for this incident in Colorado district and appellate courts. His complaint included claims for injunctive relief to stay the suspension pending review by the courts; failure to provide notice of ex parte meetings by the City Council; failure to prove a variety of the violations; excessive and discriminatory penalties in violation of 42 U.S.C.1981; and entrapment. Akbari lost on all issues in the district court and the appellate court affirmed. Appellees assert that Akbari's claims in the instant case are precluded by the Colorado state court decision. Given our disposition of this case, we need not decide that issue
 
 
 [4]
 In the first incident, Akbari served a Mr. Ferris. Ferris became disruptive, causing Akbari to remove him from the bar and to call the police. Mr. Ferris told police that he was intoxicated when served and he tested at a .199 blood alcohol level approximately one to two hours after being served. Akbari was subsequently cited for serving Mr. Ferris while intoxicated
 The second incident involved a dispute between Akbari's now ex-wife, Stacy Akbari, and an employee. The statements taken by the police on this incident vary widely, but there is agreement that there was an altercation between the employee and the ex-wife. Akbari's ex-wife was arrested, and Akbari was cited for serving her drinks while intoxicated.
 The third incident occurred when Akbari served at least one person in a group of six whom the police said were intoxicated. The intoxicated person signed an unsworn statement that she had been served while intoxicated.
 Appellees assert that Akbari filed an action in Colorado state court regarding these sanctions, but dismissed the action. Appellees argue that his claims are therefore procedurally barred. However, based on our resolution of this action, we also need not decide this issue.